# Hinkle *v.* Central Trust & Savings Company, Appellant.

*Appeals—Refusal of new trial—Assignments of error—Discretion of court—Review.*

Where on an appeal, the only assignment of error is the refusal of a new trial, the appellate court will not review the discretion of the lower court in making the order, where it appears that there is no reasonable certainty upon another trial that a jury would cut down the plaintiff's verdict by an amount sufficient to justify the expenditure of money and of the public time involved in such new trial.

Argued Dec. 1, 1914. Appeal, No. 66, Oct. T., 1914, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1911, No. 2,924, on verdict for plaintiff in case of John H. Hinkle, trading as J. H. Hinkle and Company, v. Central Trust & Savings Company. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit on a contract. Before WILLSON, P. J.

At the trial the jury returned a verdict for plaintiff for $459.05 upon which judgment was entered.

*Erorr assigned* was in the following form:

The learned court below erred in its refusal of defendant's motion and reason for new trial, which said motion and reason are as follows:

284   HINKLE *v.* CENTRAL TR. & S. CO., Appellant.

Assignments of Error—Opinion of the Court.   [59 Pa. Superior Ct.

"And now, to wit, October 10, 1913, the defendant, by its counsel, J. Hector McNeal, Esquire, moves the Court for a rule for a new trial and in support thereof, assigns the following reason:

The verdict was against the evidence.

*J. Hector McNeal,* for appellant.

*J. Quincy Hunsicker, Jr.,* with him *J. Quincy Hunsicker,* for appellee.—Except in clear cases of abuse of discretion, refusal of the court below to grant a new trial is not assignable for error: Shanahan v. Agricultural Ins. Co., 6 Pa. Superior Ct. 65; Comm. v. McManiman, 27 Pa. Superior Ct. 304; Wike v. Woolverton, 26 Pa. Superior Ct. 561; Sternberg v. Sklaroff, 32 Pa. Superior Ct. 116; Belber T. & Bag Co. v. Silberblatt, 44 Pa. Superior Ct. 32; Reno v. Shallenberger, 8 Pa. Superior Ct. 436; Drislane v. Lehigh Valley R. R. Co., 236 Pa. 37.

OPINION BY HEAD, J., February 24, 1915:

The parties to this appeal saw fit to so deal with each other that when a dispute arose between them they necessarily had a case for determination by a jury. Their controversy involves but questions of fact. The case was tried before an able and experienced judge and a jury. The conduct of the trial was so manifestly fair and impartial that we have not a single exception complaining of any ruling made or instruction given by the learned trial judge. The sole assignment of error complains that there was an abuse of legal discretion in discharging a rule for a new trial. A long line of cases could readily be cited to show that it is but in the rarest instances an appellate court will sustain such an assignment. In the recent case of Drislane v. Lehigh Valley Railroad Co., 236 Pa. 37, the Supreme Court said: "The only assignment of error on this appeal is that the court erred in refusing to grant a new trial.

This concedes that the case was for the jury, and, with no assignment complaining of any ruling of the trial judge, or of his charge to the jury, we can do nothing but dismiss the appeal."

It is beyond question that if a new trial were granted, the case must be retried precisely along the same lines as those which marked the one that has been had. No court can tell with precision just how much money the plaintiff should recover. There is clear warrant in the evidence for the conclusion that the defendant had agreed to repay to him whatever money he might honestly expend in doing the work, or in other words was to pay him the cost to which he should be subjected in doing the work. He presents a detailed account showing the number of men, horses and carts employed to do the work and the amounts of money he paid for each. He swears to the accuracy of this account. Notwithstanding some more or less contradictory statements, elicited from him in cross-examination, which the able counsel for the defendant handles with much force and skill, the jury evidently believed that his claim was honest.

The testimony of the defendant was confined largely to opinion evidence from experienced contractors tending to show the amount of cubic yards of excavation and the probable cost by the yard of doing the work. The defendant had not undertaken to hire the highest degree of skill attainable when it dealt with the plaintiff. The learned trial judge told the jury that if by collusion with others, or in fraud of the defendant's right, the plaintiff had willfully or extravagantly swelled the cost of doing the work, he could not recover expenditures so caused. They were further told, as they would have to be told on another trial, that if the plaintiff did honestly lay out more money than the work might have been done for by others, he was, under his arrangement with the defendant, entitled to recover that sum. There is no reasonable certainty that upon another trial a

jury would cut down the plaintiff's verdict by an amount sufficient to justify the expenditure of money and of the public time involved in such new trial. These considerations doubtless led the learned court below to the conclusion there reached, and we are unable to say that the entry of judgment on the verdict amounted to an abuse of that discretion which the law has wisely reposed in the court below. The assignment of error is overruled.

*Judgment affirmed.*